UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

          v.                                             CAUSE NO. 3:23-CV-136-PPS

FRAZIER,

    Defendant.

## OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, moves the Court for reconsideration of its order granting summary judgment in favor of the defendants. [DE 214]. Comer was proceeding in this case against Food Service Manager Shamika Frazier "in her individual capacity for compensatory and punitive damages for firing him from his job in the production kitchen on March 25, 2023, in retaliation for filing a grievance about her, in violation of the First Amendment[.]" [DE 58 at 8]. The Court granted summary judgment in favor of Food Service Manager Frazier after concluding that: (1) Comer had not provided sufficient evidence of a causal link between his filing of his January 2 grievance and his firing from the WCF kitchen; and, regardless, (2) Food Service Manager Frazier had provided non-pretextual evidence showing Comer would have been fired from the WCF kitchen regardless of any bad motive. [DE 210].

In his motion for reconsideration, Comer argues there was sufficient evidence of a causal link between his filing of his January 2 grievance and his firing from the WCF kitchen because the timing of his firing was suspicious, and he submitted evidence

including an "Evaluation and Job Performance Report" completed by Food Service Manager Frazier. [DE 214 at 1-4]. This is not a valid basis for reconsideration, as the Court already considered and addressed this evidence in its order granting summary judgment. [*See* DE 210]; *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"); *King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"). Moreover, even if Comer had provided sufficient evidence of a causal connection, the Court granted summary judgment on the alternative basis that Food Service Manager Frazier had provided non-pretextual evidence showing Comer would have been fired from the WCF kitchen regardless of any bad motive. Because Comer does not challenge this conclusion in his motion for reconsideration, summary judgment remains proper in favor of Food Service Manager Frazier.

For these reasons, Comer's motion to reconsider [DE 214] is **DENIED**.

**SO ORDERED** on December 8, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT